UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN LAMY ) | |
|         Plaintiff ) | |
| v. ) | |
| ) | Civil Action No.: |
| BRUKER BIOSPIN CORPORATION, BRUKER ) | |
| CORPORATION f/k/a BRUKER BIOSCIENCES ) | |
| CORPORATION and DIRK LAUKIEN ) | |
|         Defendants ) | |

## COMPLAINT AND JURY DEMAND

1.      This is a Complaint and Jury Demand brought by a resident of Bedford, New Hampshire against his employer, its publically traded parent and his supervisor, an officer and director of the employer, for retaliatory discharge and other conduct that affected the terms and conditions of the Plaintiff's employment in violation of the Sarbanes-Oxley Act of 2002, Title VIII, codified as 18 USC § 1514 ("Sarbanes-Oxley"), Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002.

## PARTIES

2.      The Plaintiff, Brian Lamy ("Lamy", "Plaintiff") is a resident of Bedford, New Hampshire and is of legal age and capacity.

3.      The Defendant, Bruker Biospin Corporation ("BBC"), is a corporation organized under the laws of Massachusetts with a usual place of business at 15 Fortune Drive, Billerica, Middlesex County, Massachusetts.

4.      The Defendant Bruker Corporation f/k/a Bruker Biosciences Corporation ("Bruker"), is a publically traded corporation organized under the laws of the State of Delaware, with a usual place of business at 40 Manning Road, Billerica, Middlesex County, Massachusetts.  Bruker changed its name to Bruker Corporation from Bruker

Biosciences Corporation on March 3, 2008.  Bruker issues a class of securities registered under Section 12 of the Securities Exchange Act of 1934, codified as 15 USC § 78l) ("Exchange Act") and is subject to the reporting requirements of Section 15(a) of the Act.

5. The Defendant, Dirk Laukien ("Laukien") is a resident of 19 Volunteer Way, Lexington, Massachusetts 02420 and is over the age of majority.  Laukien is a Director and employee of BBC and a supervisor of Lamy.  Laukien is also Senior Vice President and employee of Bruker and President of Bruker Optics and a director of Bruker AG, all Bruker subsidiaries.

## JURISDICTION

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1345.  The Plaintiff has authority to bring this matter pursuant to 18 U.S.C. § 1514(b)(1)(B).

7. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the Parties and the amount in controversy exceeds the jurisdictional limit.

8. This Court has personal jurisdiction and venue over the Defendants because they reside in, or have a usual place of business within the Commonwealth of Massachusetts.

## FACTS

### THE ORGANIZATION OF BRUKER

9. Bruker is a publically traded company, listed on the NASDAQ stock exchange using the trading symbol "BRKR".  It has issued a class of stock registered

under Section 12 of Exchange Act, and it is required to file reports pursuant to Section 15(d) of the Exchange Act.

10. Bruker operates, *inter alia*, a series of wholly owned for-profit US subsidiaries.  These subsidiaries include BBC, Bruker Biospin Securities Corporation ("BSCS"), Bruker Optics ("Optics"), Bruker Daltonics ("Daltonics"), Bruker Biosciences Securities Corp. ("BBSC"), Bruker BioSpin MRI Inc. ("MRI") and Bruker AXS ("AXS").  BBC, Optics, Daltonics, MRI and AXS all own foreign subsidiaries. Bruker and its subsidiaries are all engaged in the field of medical technology services and devices.

## LAMY'S EMPLOYMENT WITH BRUKER AND ITS SUBSIDIARIES

11. Lamy is a Certified Public Accountant and a former President of the New Hampshire Society of Public Accountants.

12. From 2001 until July 11, 2007, Lamy served as Tax Director, Vice President, and Director of BBC.  At the same time, he served as Corporate Treasurer of BSCS.

13. Also during that time, Lamy performed extensive services for Bruker, accounting for various business dealings and assignments by, between and among the Bruker subsidiaries.  Lamy's work for Bruker was subject to the terms and conditions of an Intercompany Agreement executed, *inter alia*, by Bruker.

14. From time to time, Lamy also prepared personal income tax returns for Laukien and his brother Frank, who was also an officer of Bruker.

15. Laukien at all times served as Lamy's supervisor, whether work was performed for Bruker or any of its subsidiaries.

## **LAMY'S PROTECTED WHISTLEBLOWING ACTIVITIES**

16. Prior to and in February of 2007, Lamy reported to Laukien that he believed Bruker and some of its subsidiaries were engaged in improper and illegal accounting practices

17. Lamy informed Laukien that he intended to report his concerns to the Audit Committee of the Board of Directors of Bruker ("Audit Committee"), which is responsible for, *inter alia*, establishing and monitoring procedures for the receipt, retention, or treatment of complaints received by Bruker regarding accounting, internal accounting controls and auditing matters.

18. He informed Laukien he believed that Bruker had improperly manipulated earnings in several respects. Principal among these was the ongoing practice by Bruker subsidiaries in Germany of artificially inflating patent reserves to avoid income tax and give the appearance of higher earnings.

19. He also expressed concern about: (1) the accounting practices related to "deemed dividends" associated with the pledge of the assets of certain of Bruker subsidiaries; (2) improper revenue recognition practices employed by the officers of Bruker to manipulate earnings in order to meet analysts' expectations; and (3) Bruker's failure to appropriately account for certain tax obligations incurred in 2006 in connection with the acquisition of Bruker Optics.

20. Lamy's concern implicated the SEC's criminal sanctions concerning fraudulent reporting of earnings that may affect the shareholders or shares of stock in the company.

21. Several of these practices had already led to the disclosure by Bruker of a Material Weakness in Accounting Controls on March 16, 2005, that required a restatement of losses for 2004.

22. Lamy also expressed concerns to Brian Monahan, Vice President of Bruker, and to William Knight, Bruker's Chief Financial Officer. Messrs. Laukien, Monahan, and Knight all declined to take any action to address Lamy's concerns or to permit him to make any report or presentation to the Audit Committee.

23. In and around June of 2007, Lamy reiterated his concerns to Laukien and Richard M. Stein., Esq., ("Stein") a member of the Board of Directors of Bruker and its corporate counsel, and informed them he intended to make a report to the Audit Committee.

24. Laukien and Stein ignored Lamy's concerns, and instead denied him access to the Audit Committee.

### BRUKER IMPROPERLY RETALIATES AGAINST LAMY
### FOR ENGAGING IN PROTECTED (WHISTLEBLOWING) ACTIVITY

25. On July 10, 2007, Lamy requested an application for leave pursuant to the provisions of the Family and Medical Leave Act, 28 USC § 2601 *et seq*. The reason for the request was an illness of a family member.

26. On July 11, 2007, Lamy was terminated after six years of service to Bruker by letter signed by Linda M. DeCiccio, Human Resources Director ("Letter"). The only reason offered by the Letter for Lamy's termination was poor attendance . Stein reiterated to Lamy that the reason for his termination was dissatisfaction over his attendance record. Lamy's request for an application for leave pursuant to FMLA was not addressed.

27. In fact, records demonstrate that Lamy was present for work at all times, unless absences were excused, either at Bruker's offices or from a remote location through use of a Bruker-assigned laptop computer, with authority of Bruker and BBC.

28. Nothing in Lamy's personnel file reflects dissatisfaction with attendance until the issuance of the Letter. Consequently, the phrase that begins the Letter, "as you know", before describing issues involving Lamy's attendance, is entirely misleading, false and self-serving, as Lamy did not know of any dissatisfaction with his attendance before reading the Letter.

29. The reasons given by Stein and the Letter notifying Lamy of his termination were entirely pretextual, and were instead caused by Lamy's protected anticipated "Whistleblowing" activity.

30. Lamy was denied his accrued vacation time.

31. On July 31, 2007, Bruker reported its Second Quarter earnings, entirely ignoring Lamy's concerns, and claming a 17 percent year-over-year increase in revenue.

**LAMY FILES CLAIM WITH SECRETARY OF LABOR
PURSUANT TO PROVISIONS OF SARBANES-OXLEY**

32. On October 9, 2007, Lamy filed a Charge with the Secretary of Labor pursuant to the terms of and within the time provided by 18 USC § 1514(b)(1)(A). The Claim was docketed as *Brian Lamy, Complainant, v. Bruker Biospin Corporation and Bruker BioSciences Corporation, Respondents*, U.S. Department of Labor, Occupational Safety and Health Administration, Case No. 1-0765-08-002 ("Charge"). The Charge described the facts as set forth herein.

33. On March 17, 2008, Bruker filed a Notice of Legal Proceedings pursuant to its Form 10-K filing with the Securities and Exchange Commission. Bruker

unnecessarily and in bad faith identifies Lamy as the reporter of information concerning financial improprieties of management of Bruker, and without describing any of Lamy's concerns, goes on to state, "with respect to Mr. Lamy's claims and has found no evidence of any improper activity. The Company believes the allegations to be without merit and intends to defend the matter vigorously."

34. Bruker knew or should have known its statements would be published on the internet, and available to any computer operator with access to a search engine.

35. The result of the inclusion of Lamy's name in the filing, without explaining his concerns, is that the information has chilled Lamy's ability to obtain employment to replace his position with the Defendants, and has caused injury to his reputation, harm to his changes to earn a living, and emotional distress.

36. In fact, Lamy witnessed one potential employer turn to a print-out of the Bruker posting during a job interview.

37. The Secretary of Labor has not resolved the matter within 180 days of the date of filing, through no bad faith on the part of the claimant.

## COUNT I
## VIOLATION OF 18 USC § 1514A
## LAMY v. BBC

38. Lamy repeats and incorporates by references the allegations of Paragraphs 1-37.

39. Lamy is an employee of a wholly owned subsidiary of a publically traded company, which issues stock that is registered pursuant to Section 12 of the Exchange Act, and/or is subject to the periodic reporting requirements of Section 15(d), or he is employed by a wholly owned subsidiary of such a public company.

40. Lamy provided extensive services to the publically traded parent while he was employed by it or by the subsidiary. Bruker and BBC are so interrelated that they constitute a single employer, as is evidenced by common ownership, directors, business and their use of Lamy's services.

41. Lamy is a "covered employee" for purposes of Sarbanes-Oxley, because the parent/holding company is publically traded, and the parent had the ability to affect Lamy's employment.

42. While employed by the publically traded parent, or its subsidiary, Lamy provided, or caused to be provided, information that he reasonably believed constituted a violation of specific federal securities and fraud law.

43. The information provided by Lamy included an element of intentional deceit that would impact shareholders and investors, because it affected the company's reported earnings.

44. The information was provided to Laukien, a person with supervisory authority over Lamy.

45. The information was also provided to Stein, a person working for the employer who has the authority to investigate, discover or terminate the misconduct.

46. The information was material, as there is a substantial likelihood that the information concerning the company's earnings would be considered important by a reasonable shareholder or purchaser in deciding whether to invest, or how to vote.

47. As a result of Lamy's exercised of protected activity, BBC took adverse action against him in the form of the termination of his employment. After the termination of Lamy's employment, BBC took further adverse action against Lamy for

conduct in which he engaged while an employee of BBC, by disparaging him publically in a Form 10-K, so that he would have a difficult time replacing his employment.

48.     Lamy has suffered damages including lost income, lost reputation, lost benefits, expenses of finding a new job, and emotional distress.

WHEREFORE, Lamy seeks judgment in his favor and against BCC for its violation of the prohibition against retaliation provided by Sarbanes-Oxley, 18 USC § 1514, et seq., including lost wages, benefits, expenses of finding a new job, and damages due to emotional distress and lost reputation.

## COUNT II
## VIOLATION OF 18 USC § 1514A
## LAMY v. BRUKER

49.     Lamy repeats and incorporates by references the allegations of Paragraphs 1-48.

50.     Bruker is liable as parent to BBC or as direct employer of Lamy for Lamy's retaliation claims to the same extent as is BBC.

51      .Bruker's liability also stems from its interrelationship with BBC, its direction of Lamy for its benefit directly, and for all other reasons described herein.

52.     Bruker is therefore liable to Lamy to the same extent, and the same reasons, as BBC is liable to Lamy.

WHEREFORE, Lamy seeks judgment in his favor and against BCC for its violation of the prohibition against retaliation provided by Sarbanes-Oxley, 18 USC § 1514, et seq., including lost wages, benefits, expenses of finding a new job, and damages due to emotional distress and lost reputation.

**COUNT III**
**VIOLATION OF 18 USC § 1514A**
**LAMY v. LAUKIEN**

53.     Lamy repeats and incorporates by references the allegations of Paragraphs 1-5250.

54.     The provisions of Sarbanes-Oxley prohibit retaliation by "officers, employees, contractors, subcontractors or agents of covered companies."

55.     Laukien is the Senior Vice President and an employee of Bruker, a covered company.

56.     Laukien is also a Director and an employee of BBC, a covered company.

57.     Laukien retaliated against Lamy for his exercise of protected activity while employed with Bruker and BBC – attempting to report financial fraud and illegal improprieties to the Bruker Audit Committee – by causing Bruker and BCC to terminate Lamy's employment, and then by publishing his name as a reporter of financial improprieties on a Form 10-K.

58.     Laukien is therefore liable to Lamy to the same extend, and the same reasons, as BBC is liable to Lamy.

WHEREFORE, Lamy seeks judgment in his favor and against Laukien for its violation of the prohibition against retaliation provided by Sarbanes-Oxley, 18 USC § 1514, *et seq.*, including lost wages, benefits, expenses of finding a new job, and damages due to emotional distress and lost reputation.

## **PRAYERS FOR RELIEF**

1. On Count I, Lamy respectfully requests this Court enter judgment in his favor against the Defendant Bruker Biospin Corporation in an amount this Court may deed just, for lost income, benefits, expenses of finding a new job, lost reputation and emotional distress caused by Bruker Biospin Corporation's retaliatory discharge and related retaliatory conduct, in violation of Section 806, 18 USC § 1514 et seq.

2. On Count II, Lamy respectfully requests this Court enter judgment in his favor against the Defendant Corporation in an amount this Court may deed just, for lost income, benefits, expenses of finding a new job, lost reputation and emotional distress caused by Bruker Corporation's retaliatory discharge and related retaliatory conduct, in violation of Section 806, 18 USC § 1514 et seq.

3. On Count I, Lamy respectfully requests this Court enter judgment in his favor against the Defendant Dirk Laukien in an amount this Court may deed just, for lost income, benefits, expenses of finding a new job, lost reputation and emotional distress caused by Dirk Laukien's retaliatory discharge and related retaliatory conduct, in violation of Section 806, 18 USC § 1514 et seq.

**JURY DEMAND**

The Plaintiff requests a Jury on all counts on which he is entitled to a jury.

                                                                  Respectfully submitted,
                                                                  Brian Lamy,
                                                                  By his Attorney,

                                                                  /s/ Kenneth I. Gordon
                                                                  Kenneth I. Gordon, BBO# 556762
                                                                 63 Chatham Street
                                                                  Boston, MA 02109
                                                                  (617) 742-4602

Dated: July 17, 2008